MICHELE BECKWITH
Acting United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney

    United States Attorney's Office
    501 I Street, Suite 10-100
    Sacramento, CA. 95814
    Telephone: (916) 554-2700
    Facsimile: (916) 554-2900

HARMEET DHILLON
Assistant Attorney General, Civil Rights Division
CHRISTOPHER J. PERRAS
Special Litigation Counsel
SAMUEL A. KUHN
Trial Attorney

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone: (202) 307-6962

JOHN A. EISENBERG
Assistant Attorney General, National Security Division
PATRICK CASHMAN
Trial Attorney

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone: (202) 514-2007

Attorneys for Plaintiff
United States of America

**FILED**
Jun 26, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>NOAH JACOB LAMB,<br><br>                  Defendant. | CASE NO. 2:25-cr-0152-TLN<br><br>18 U.S.C. § 371 – Conspiracy (1 Count); 18 U.S.C. § 373, § 1114 – Solicitation of the Murder of Federal Officials (3 Counts); 18 U.S.C. § 119 – Doxing Federal Officials (3 Counts); 18 U.S.C. § 875(c) – Interstate Threatening Communications; and 18 U.S.C. §§ 981(a)(1)(C), 981(a)(1)(G), and 28 U.S.C. § 2461(c) – Criminal Forfeiture. |

INDICTMENT

1

# INDICTMENT

## GENERAL ALLEGATIONS

The Grand Jury charges, T H A T:

At all times relevant to the indictment:

### The Terrorgram Collective

1. Telegram Messenger ("Telegram") is a digital communications platform that allows users from around the world to send encrypted one-on-one messages, participate in group chats, share files, and operate and subscribe to "channels" that broadcast messages and content.

2. "The Terrorgram Collective," commonly referred to as "Terrorgram"—a combination of the words "terrorism" and "Telegram"—is a network of channels, group chats, and users on Telegram that promote white supremacist accelerationism: an ideology centered on the belief that the white race is superior; that society is irreparably corrupt and cannot be saved by political action; and that violence and terrorism is necessary to ignite a race war and "accelerate" the collapse of the government and the rise of a white ethnostate.

3. To achieve its vision of white revolution and domination, Terrorgram solicited terrorist attacks, including, but not limited to:

   a. Bias-motivated attacks against groups deemed by Terrorgram to be enemies of the white race;

   b. Attacks on government infrastructure, such as government buildings and energy facilities, which Terrorgram believes will ignite a race war and help accelerate the collapse of government and society; and

   c. Attacks on "high-value targets"—like politicians and government officials—whom Terrorgram sees as perpetuating an irredeemable society and whose murders Terrorgram believes would sow chaos and further accelerate the government's downfall.

4. Defendant NOAH JACOB LAMB ("LAMB") was a member of The Terrorgram Collective.

5. DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON were leaders of The Terrorgram Collective.

///

**The List**

6. LAMB collaborated with HUMBER, ALLISON, and other members of the Terrorgram Collective known and unknown to the Grand Jury, to create "The List," a Terrorgram publication of "high-value targets" for assassination that they described as a "kill list in book form", "a kill book complete with full doxes and images", and "a phone book for kill list doxes".

7. The List includes a "List card" for each target that displays the target's name, home address, and photograph; and a photograph of the target's residence, if available.

8. Individuals named in The List, many of whom were targeted because of race, religion, national origin, sexual orientation, and/or gender identity, include federal officials—such as a United States Senator (Federal Official 1), a United States District Court Judge (Federal Official 2), and a former United States Attorney (Federal Official 3); state officials; municipal officials; and leaders of private companies and non-governmental organizations. The following are redacted versions of the List cards for Federal Officials 1-3.



9. Each List card includes reasons why Terrorgram considered the target an enemy of the cause of white supremacist accelerationism. For example, The List describes Federal Official 1 as "an Anti-White, Anti-gun, Jewish Senator"; The List calls Federal Official 2 "an invader" from a foreign country and highlighted the judge's ruling on an immigration issue; and The List refers to Federal Official 3 as the "[f]irst [racial slur] U.S. Attorney" in Federal Official 3's jurisdiction.

10. One of LAMB's roles on The List project was to identify targets and "dox" them (i.e., find out their home addresses and other personally identifiable information ("PII") so that HUMBER, ALLISON, and other members of the Terrorgram Collective could include that PII in The List).

11. LAMB recommended beginning "The List" with a quote from William Luther Pierce's "The Turner Diaries," a foundational text of accelerationism that popularized the concept of "the Day of the Rope"—the mass execution, primarily by hanging, of "race traitors" and other enemies. The quote LAMB recommended imagines the beginning of a coordinated massacre by death squads: "Squads of our troops with synchronized watches suddenly appeared in a thousand blocks at once, in fifty different residential neighborhoods, and every squad leader had a long list of names and addresses." LAMB and his co-conspirators envisioned The List to serve as that "long list of names and addresses".

12. ALLISON and HUMBER disseminated The List, individual List cards, and links to The List archive to like-minded accelerationists on Terrorgram, along with comments encouraging them to take action, including, but not limited to, the following:

   a. "Take Action Now"
   b. "Do your part"
   c. "Remember change starts with you. No one is coming to save us."
   d. A short story that concludes, "The List would do for killing what the printing press had done for literacy."

13. ALLISON and HUMBER provided guidance to Terrorgram users seeking to attack List targets. For example, on or about April 26, 2022, a Terrorgram user posted in HUMBER's group chat: "I saw your 'THE LIST' channel" and "do you have any targets near cascadia?" In response, an administrator of THE LIST channel posted a List card for a target residing in Seattle, Washington, and HUMBER tagged the user who had asked the question. The user replied, "we already have this one" but "make sure to [tag] me for any more in that location." HUMBER replied, "will do." On or about May 3, 2022, HUMBER posted the List card for another target residing in Seattle, Washington, and again tagged the user. The user replied, "Very good i'll check with my guys now."

/ / /

/ / /

COUNT ONE: [18 U.S.C. § 371 – Conspiracy]

The Grand Jury charges: T H A T

NOAH JACOB LAMB

defendant herein, as follows:

1. The General Allegations of this Indictment are realleged and incorporated herein.

2. Beginning in or about November 2021, and continuing through in or about September 2024, in the State and Eastern District of California, and elsewhere, LAMB knowingly and intentionally conspired and agreed with DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON and with other persons known and unknown to the Grand Jury to commit the following offenses against the United States:

   a. to solicit, command, induce, or otherwise endeavor to persuade another person to engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against the person of another in violation of the laws of the United States—specifically, the murders of federal officials charged in Counts 2, 3, and 4 of this Indictment —under circumstances strongly corroborative of that intent, in violation of 18 U.S.C. § 373.

   b. to knowingly make publicly available restricted personal information about federal officers or employees with the intent to threaten, intimidate, or incite crimes of violence against them—as charged in Counts 5, 6, and 7 of this Indictment—in violation of 18 U.S.C. § 119(a)(1).

   c. to knowingly transmit in interstate or foreign commerce a communication containing a threat to injure the person of another—as charged in Count 8 of this Indictment—in violation of 18 U.S.C. § 875(c).

Manner and Means of the Conspiracy

3. LAMB, ALLISON, and HUMBER conspired together to incite violence against federal officials and other "high-value targets" for assassination by creating a hit list of enemies to the cause of white supremacist accelerationism and disseminating that hit list to like-minded accelerationists and urging them to take action.

Overt Acts Committed in Furtherance of the Conspiracy

4. In furtherance of the conspiracy and to effect the objects thereof, LAMB, HUMBER, and ALLISON, within the Eastern District of California and elsewhere, committed overt acts within the dates of the charged conspiracy, including the following:

   a. LAMB, HUMBER, and ALLISON worked together, and with other persons known and unknown to the Grand Jury, to create The List, the hit list described in Paragraphs 6 through 13 of the General Allegations.

   b. LAMB, ALLISON, and HUMBER selected targets for assassination, including politicians and other federal, state, and local officials, business leaders, advocates, and others whom they identified as enemies to the cause of white supremacist accelerationism.

   c. LAMB, ALLISON, and HUMBER obtained the home addresses, photographs, and other PII of their targets and shared that information with one another.

   d. HUMBER took a photograph of the residence of a public official known to the Grand Jury—a photograph that was included on that public official's List card.

   e. LAMB, ALLISON, and HUMBER converted the PII and photographs for each target into a stylized List card that included: the target's name and address, a photograph of the target, the target's residence, and, in some cases, the target's spouse. The List cards each included the image of a rifle and a short description of why the target should be assassinated.

   f. LAMB, ALLISON, and HUMBER compiled the individual List cards into a PDF publication that could be readily disseminated online.

   g. ALLISON and HUMBER disseminated The List to Terrorgram users in several formats—individual List cards, a PDF publication of The List, and links to The List channel and archive—and urged them to take action.

COUNT TWO: [18 U.S.C. § 373 – Solicitation of the Murder of a Federal Official]

The Grand Jury further charges:  T H A T

NOAH JACOB LAMB,

defendant herein, between on or about November 17, 2021, and on or about September 5, 2024, in the State and Eastern District of California, and elsewhere, aiding and abetting DALLAS ERIN HUMBER

and MATTHEW ROBERT ALLISON, with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce, and otherwise endeavor to persuade another person to engage in such conduct: that is, with premeditation and malice aforethought, to kill Federal Official 1, a United States Senator known to the Grand Jury, an officer and employee of the United States, while Federal Official 1 was engaged in and on account of the performance of Federal Official 1's official duties, as detailed in the General Allegations of this Indictment, which are realleged and incorporated herein, in violation of Title 18, United States Code, Section 1114(a)(1).

All in violation of Title 18, United States Code, Sections 373 and 2.

COUNT THREE: [18 U.S.C. § 373 – Solicitation of the Murder of a Federal Official]

The Grand Jury further charges:  T H A T

NOAH JACOB LAMB,

defendant herein, between on or about November 17, 2021, and on or about September 5, 2024, in the State and Eastern District of California, and elsewhere, aiding and abetting DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON, with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce, and otherwise endeavor to persuade another person to engage in such conduct: that is, with premeditation and malice aforethought, to kill Federal Official 2, a United States District Court Judge known to the Grand Jury, an officer and employee of the United States, while Federal Official 2 was engaged in and on account of the performance of Federal Official 2's official duties, as detailed in the General Allegations of this Indictment, which are realleged and incorporated herein, in violation of Title 18, United States Code, Section 1114(a)(1).

All in violation of Title 18, United States Code, Sections 373 and 2.

///

///

COUNT FOUR: [18 U.S.C. § 373 – Solicitation of the Murder of a Federal Official]

The Grand Jury further charges: T H A T

NOAH JACOB LAMB,

defendant herein, between on or about November 17, 2021, and on or about September 5, 2024, in the State and Eastern District of California, and elsewhere, aiding and abetting DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON, with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce, and otherwise endeavor to persuade another person to engage in such conduct: that is, with premeditation and malice aforethought, to kill Federal Official 3, a United States Attorney known to the Grand Jury, an officer and employee of the United States, while Federal Official 3 was engaged in and on account of the performance of Federal Official 3's official duties, as detailed in the General Allegations of this Indictment, which are realleged and incorporated herein, in violation of Title 18, United States Code, Section 1114(a)(1).

All in violation of Title 18, United States Code, Sections 373 and 2.

COUNT FIVE: [18 U.S.C. § 119(a)(1) – Doxing Federal Official]

The Grand Jury further charges: T H A T

NOAH JACOB LAMB,

defendant herein, between on or about November 17, 2021, and on or about September 5, 2024, in the State and Eastern District of California, and elsewhere, aiding and abetting DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON, knowingly made publicly available restricted personal information about Federal Official 1, a United States Senator known to the Grand Jury, with the intent to threaten, intimidate, and incite a crime of violence—specifically, the crime of violence the defendants are charged with soliciting in Count 2 of this Indictment—against Federal Official 1.

All in violation of Title 18, United States Code, Sections 119(a)(1) and 2.

///
///
///

COUNT SIX: [18 U.S.C. § 119(a)(1) – Doxing Federal Official]

The Grand Jury further charges: T H A T

NOAH JACOB LAMB,

defendant herein, between on or about November 17, 2021, and on or about September 5, 2024, in the State and Eastern District of California, and elsewhere, aiding and abetting DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON, knowingly made publicly available restricted personal information about Federal Official 2, a United States District Court Judge known to the Grand Jury, with the intent to threaten, intimidate, and incite a crime of violence—specifically, the crime of violence the defendants are charged with soliciting in Count 3 of this Indictment—against Federal Official 2.

All in violation of Title 18, United States Code, Sections 119(a)(1) and 2.

COUNT SEVEN: [18 U.S.C. § 119(a)(1) – Doxing Federal Official]

The Grand Jury further charges: T H A T

NOAH JACOB LAMB,

defendant herein, between on or about November 17, 2021, and on or about September 5, 2024, in the State and Eastern District of California, and elsewhere, aiding and abetting DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON, knowingly made publicly available restricted personal information about Federal Official 3, a United States Attorney known to the Grand Jury, with the intent to threaten, intimidate, and incite a crime of violence—specifically, the crime of violence the defendants are charged with soliciting in Count 4 of this Indictment—against Federal Official 3.

All in violation of Title 18, United States Code, Sections 119(a)(1) and 2.

COUNT EIGHT: [18 U.S.C. § 875(c) – Interstate Threatening Communication]

The Grand Jury further charges: T H A T

NOAH JACOB LAMB,

defendant herein, between on or about November 17, 2021, and on or about September 5, 2024, in the State and Eastern District of California, and elsewhere, aiding and abetting DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON, knowingly transmitted in interstate and foreign commerce a communication containing a threat to injure the person of another. Specifically, defendants transmitted the threatening communications in The List and in messages disseminating The List, including those

detailed in Paragraphs 4 through 12 of the General Allegations of this Indictment, which are realleged and incorporated herein.

All in violation of Title 18, United States Code, Sections 875(c) and 2.

<u>SPECIAL FINDING</u>: [U.S.S.G. § 3A.1.1(a) – Hate Crime Motivation]

The Grand Jury further charges:  T H A T

NOAH JACOB LAMB,

defendant herein, intentionally selected the victims of his violations of Counts Two through Eight of this Superseding Indictment because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, and sexual orientation of any person.

<u>FORFEITURE ALLEGATION</u>:     [18 U.S.C. §§ 981(a)(1)(C), 981(a)(1)(G), and 28 U.S.C. § 2461(c)
- Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts 1 through 5 and 8 of this Indictment, defendant NOAH JACOB LAMB shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), (G) and 28 U.S.C.§ 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to a sum of money equal to the total amount of proceeds traceable to such offenses, for which defendants are convicted.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts 1 through 5 and 8 of this Indictment, for which the defendant is convicted:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

///
///
///
///

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA
_____
FOREPERSON

*[signature]*
MICHELE BECKWITH
Acting United States Attorney

INDICTMENT

11

*No.* 2:25-cr-0152-TLN

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

### THE UNITED STATES OF AMERICA
*vs.*

### NOAH JACOB LAMB

### I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 371 Conspiracy
18 U.S.C. § 373, § 1114 Solicitation of the Murder of Federal Officials
18 U.S.C. § 119 Doxing Federal Officials
18 U.S.C. § 875(c) Interstate Threatening Communications; and
18 U.S.C. § 981(a)(1)(C), 981(a)(1)(G), and 28 U.S.C. § 2461(c) Criminal Forfeiture.

*A true bill,*

/s/ Signature on file w/AUSA
_____
*Foreman.*

*Filed in open court this* __ 26th __ *day*

*of* _____ June _____ , *A.D.* 2025

/s/ Chris Nair
_____
*Clerk.*

*Bail, $* _____

Bench warrant to issue; detention/release TBT at initial appearance

*[signature]*
U.S. Magistrate Judge

GPO 863 525

<u>United States v. Noah Jacob Lamb</u>
Penalties for Indictment

**Defendant**
**NOAH JACOB LAMB**

| | |
|---|---|
| **COUNT 1:** | **NOAH JACOB LAMB** |
| VIOLATION: | 18 U.S.C. § 371 – Conspiracy |
| PENALTIES: | Maximum five-year term of imprisonment<br>Maximum $250,000 fine or both fine and imprisonment<br>Three-year term of supervised release |

SPECIAL ASSESSMENT: $100 (mandatory)

| | |
|---|---|
| **COUNTS 2-4:** | **NOAH JACOB LAMB** |
| VIOLATION: | 18 U.S.C. § 373, § 1114 – Solicitation of Murder of a Federal Official |
| PENALTIES: | Maximum twenty-year term of imprisonment<br>Maximum $250,000 fine or both fine and imprisonment<br>Five-year term of supervised release |

SPECIAL ASSESSMENT: $100 (mandatory)

| | |
|---|---|
| **COUNTS 5-7:** | **NOAH JACOB LAMB** |
| VIOLATION: | 18 U.S.C. § 119 – Doxing Federal Officials |
| PENALTIES: | Maximum five-year term of imprisonment<br>Maximum $250,000 fine or both fine and imprisonment<br>Three-year term of supervised release |

SPECIAL ASSESSMENT: $100 (mandatory)

**COUNT 8:**        **NOAH JACOB LAMB**

VIOLATION:        18 U.S.C. § 875(c) – Interstate Threatening Communications

PENALTIES:        Maximum five-year term of imprisonment
Maximum $250,000 fine or both fine and imprisonment
Three-year term of supervised release

SPECIAL ASSESSMENT: $100 (mandatory)

**FORFEITURE ALLEGATION:**

VIOLATION:        18 U.S.C. §§ 981(a)(1)(C), (G) and 28 U.S.C.§ 2461(c)

PENALTIES:        As stated in the charging document