ERIC GRANT
United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney

    United States Attorney's Office
    501 I Street, Suite 10-100
    Sacramento, CA. 95814
    Telephone: (916) 554-2700

HARMEET K. DHILLON
Assistant Attorney General, Civil Rights Division
CHRISTOPHER J. PERRAS
Special Litigation Counsel
SAMUEL KUHN
Trial Attorney

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone: (202) 514-3847

JOHN A. EISENBERG
Assistant Attorney General, National Security Division
PATRICK CASHMAN
Trial Attorney

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone: (202) 514-2007

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>            v.<br><br>NOAH JACOB LAMB,<br>                  Defendant. | CASE NO. 2:25-CR-00152-DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND [PROPOSED] ORDER |

**STIPULATION**

1. By previous order, this matter was set for status on December 5, 2025.

2. By this stipulation, the parties now move to continue the status conference until February 6, 2026, and to exclude time between December 5, 2025, and February 6, 2026, under Local Codes T2 and T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) On August 1, 2025, the government provided to defense counsel its initial discovery production, which consisted of more than 5,600 bates-stamped pages and 55 audio- and video files. On September 25, 2025, counsel for the government met with defense counsel to discuss the initial discovery production and highlight the most significant evidence. On November 1, 2025, the government provided to defense counsel its first supplemental discovery production, which consisted of more than 700 bates-stamped pages. Both discovery productions were produced pursuant to a Protective Order.

    b) The high volume of discovery, coupled with the nature and scope of the charges in the indictment, make the case so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. Moreover, the government shutdown, during which time defense counsel did not receive compensation, presented an additional impediment to counsel's timely review of the discovery materials.

    c) Counsel for the defendant will require additional time to complete review of the discovery materials and charges, conduct investigation, conduct research related to the charges, assess the viability of any pretrial motions, and arrange for in-person visits with the defendant to discuss defenses and potential resolutions.

    d) Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the

original date prescribed by the Speedy Trial Act.

        f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of December 5, 2025 to February 6, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii) and (iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act warrant time periods excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 18, 2025

| | | |
|---|---|---|
| ERIC GRANT | HARMEET K. DHILLON | JOHN A. EISENBERG |
| United States Attorney | Assistant Attorney General | Assistant Attorney General |
| Eastern District of California | Civil Rights Division | National Security Division |
| /s/ *Robert Abendroth* | /s/ *Christopher J. Perras* | /s/ *Patrick Cashman* |
| ROBERT ABENDROTH | CHRISTOPHER J. PERRAS | PATRICK CASHMAN |
| Assistant U.S. Attorney | Special Litigation Counsel | Trial Attorney |
| | SAMUEL A. KUHN | |
| | Trial Attorney | |

Dated:  November 18, 2025        By:  */s/ Timothy Zindel*
                                                         Timothy Zindel
                                                         Counsel for Noah Jacob Lamb

**ORDER**

The court, having received, read and considered the parties' stipulation filed on November 18, 2025, and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for December 5, 2025, is VACATED and RESET for February 6, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between December 5, 2025 and February 6, 2026, inclusive, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii) and (iv) [Local Codes T2 and T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:   **November 25, 2025**

Dena Coggins
United States District Judge